1839.

JOHNSTON
v.
BLOOMER.

---

JOHNSTON and another v. BLOOMER and others.

---

An order or proceeding simply irregular will not be cancelled where the other side has a knowledge of the irregularity and quietly allows his opponent to move in it.   Not so, of a void order—nothing can make it valid,

On motion to set aside an invalid order, the other party cannot, on such motion, be let in on terms; he must make a motion for that purpose.

---

July 29,
1839.

Practice.
Exceptions
Order.

MOTION to set aside an order, referring exceptions taken to an answer.

An answer to a supplemental bill was filed on the sixteenth day of May; and served on the same day.   Exceptions to it were taken, filed and served on the twenty-ninth of the same

May.   An order to refer the exceptions to a master was
entered on the twenty-fourth of June following.   A summons,
under this order, dated the fifth of July and returnable the
eleventh day of the same July, was served, and the solicitor
for the defendant, who had thus answered, attended before the
master and objected to the complainants proceeding in the re-
ference as being out of time ; but the latter went on with it.

An affidavit, in opposition to the present motion, was read ;
showing, that the solicitor for the complainants had given the
opposite solicitor time to answer ; that the exceptions would
have been referred within the time allowed by the rules, had
it not been for the mistake of the clerk of the complainants'
solicitor in not making a proper entry in his office register ;
and that the order of reference was made in good faith and the
deponent (solicitor for the complainants) at the time it was
entered did not know or believe there was any irregularity.

Mr. *Western*, in support of the motion.

Mr. *Hastings*, contra.

THE VICE-CHANCELLOR :—The defendant has taken no
step which at all recognizes the validity of the order of refer-
ence, nor has he so delayed giving notice of this motion as to
have waived his right to object to the order.   The reason why
a delay operates as a waiver does not exist in this case.   If
the complainants had been lulled into a belief of the regularity
of their order and taken proceedings consequent upon it, while
the defendants' solicitor had a knowledge of the irregularity
and apparently acquiesced and induced the complainants to go
on and incur an expense, with a view of afterwards setting
their proceedings aside, then, in such a case it would be mani-
festly unjust to allow the proceedings to be set aside and the
delay would be held to be a waiver : 1 Hoff. Ch. Pr. 417.
But it is questionable whether here is not more than an irreg-
ular order ; whether, by the 51st rule, it is not a nullity.
If so, there can be no waiver, by delay, in moving to set it aside :
Ib.

The next question is whether, upon the affidavit of the com-
plainants' solicitor, he can still have the benefit of the order
VOL. III.—42

saved to him on this motion, upon terms ? I think he cannot; and that any relief from his own *laches*, which he may wish to ask for, must be the subject of a distinct motion on his part.

Order : that the order of reference of the exceptions be set aside ; with costs of this motion to be taxed.