# SUPREME COURT.

PLUMB, PRESIDENT &c. agt. WHIPPLES AND GATES.

The 172d section of the Code (1851) provides that a pleading may be *amended* "at any time before the period for answering it shall expire, or within twenty days after the answer to such pleading shall be served." Therefore a pleading which does not admit of an answer can not be amended under this section.

An answer which merely denies the allegations of the complaint can not be amended under this section. Why? Because there is no *new matter* in it requiring a reply or answer.

The right to amend, where it exists, is not to "*prejudice the proceedings already had.*"

Where the plaintiff took an inquest on the second day of the circuit, and entered judgment thereon, the answer of the defendant not requiring a reply, and not having been verified and no affidavit of merits filed, and the defendant amended his answer within time, but after the entry of judgment. *Held,* that the judgment was regular, allowing that the defendant had a right to amend.

*Albany Special Term,* 1851. *Motion by the defendant Gates, to set aside the judgment in this action against him, for irregularity.*

The action is upon a promissory note made by the defendants Whipple, and endorsed by the defendant Gates. The summons and complaint were served on Gates, on the 8th of March last. On the 27th of March, Gates served his answer by mail. On the *first* day of April, the plaintiffs' attorney served by mail a notice of trial for the Rensselaer circuit, to be held on the 21st of the same month. The answer not having been verified, and no affidavit of merits having been filed, the plaintiffs' attorney on the second day of the circuit, took an inquest; and on the 26th of April, upon due notice, had his costs adjusted, and perfected judgment.

On the 6th of May following, the defendant Gates amended his answer, and served a copy by mail. The first answer merely denies the allegations in the complaint. The amended answer alleges that the note, upon which the action is brought, is owned by the plaintiff's bank, and that the general banking act under which that institution is organized, is unconstitutional and void.

H. J. KING, *for Plaintiff.*

W. A. YOUNG, *for Defendant Gates.*

HARRIS, Justice.—By the defendants' answer, controverting the material allegations in the complaint, an issue of fact was made, which might be noticed for trial (*Code of* 1849, § 250, 256). The plaintiff's attorney was therefore regular, in serving notice of trial on the first of April. The defendant insists that, by the 172d section of the Code, he was entitled to amend his answer; and that having served his original answer by mail, the time to amend was extended to forty days. But I think he is mistaken in his main position. The section referred to, provides that a pleading may be amended " at any time before the period for answering it shall expire, or within twenty days after the answer to such pleading shall be served." In this case, the defendant's pleading did not admit of an answer. The plaintiff can only reply or demur to an answer when it contains *new matter* (*Code of* 1849, § 153). The provisions of the 172d section,

Plumb agt. Whipples and Gates.

therefore, can not be made applicable to such a case. The defendant, in fact, had no right to amend his answer, after it had been served.

But if he had such right, if the answer had contained new matter to which the plaintiff had replied at the same time he noticed the cause for trial, still I think there would have been a conclusive answer to this motion. Then, the defendant would, indeed, have had the right to amend, and that right would have extended twenty or forty days from the time of serving the reply, according to the manner of service. But the right so to amend is not to "*prejudice the proceedings already had.*" Effect is to be given to this provision, and I understand it to have been intended for a case like that under consideration. The plaintiff had a right, when the cause was at issue, to notice it for trial. If the issue noticed for trial still remained, when the time for trial arrived, then he might try the cause, and, if successful, perfect judgment. None of these proceedings are to be prejudiced by a *subsequent amendment*, even although it should be made within the time prescribed by the statute. The plaintiff may notice his cause for trial before the time for amending the answer expires. He does so at his peril. That peril is, the contingency that before he can bring it to trial, the defendant may amend, and thus destroy the issue he had intended to try. On the other hand, the defendant takes the time allowed him to amend, at the peril of all regular proceedings which may be taken against him before he amends. Such proceedings, whatever they may be, are not to be *prejudiced* by the amendment.

The case of Morgan vs. Leland (1 *Code R.* 123), arose under a section of the Code of 1848, which was omitted in the revision of 1849, and which gave to the plaintiff the absolute right to amend his complaint within twenty days after demurrer (*Code of* 1848, § 124. Indeed, this case was not relied upon by the defendant's counsel upon the argument of the motion. Without reference, therefore, to the character of the defendant's amended answer, and conceding that the amendment was made in good faith, the plaintiff's judgment is regular and must stand. The defendant has misapprehended the effect of the section under which he claims the right to amend. He had not the right to

amend at all; but if he had, to have thrown the cause over the circuit, which was probably the end he had in view, he should have served his amended answer before the trial.   The motion must be denied with costs.