### Townsend v. Hillmann.

*(City Court of New York, Special Term.   April 17, 1890.)*

1. PRACTICE IN CIVIL CASES—NOTICE OF TRIAL.
> The fact that a notice of trial is liable to be defeated by the service of an amended pleading, so long as the right to amend exists, does not preclude a party from noticing a cause for trial, as to existing issues, so long as no amended pleading is actually served.

**2. SAME—ISSUES RAISED BY DEMURRER.**
　　A notice of trial is sufficient to bring on a hearing on the issue of law raised by a demurrer, and a notice of argument is not essential.

At chambers. Preliminary objections to sufficiency of notice of trial of issue of law arising upon a demurrer to the complaint.

*James Stikeman*, for plaintiff. *Kneeland, Stewart & Epstein*, for defendant.

GIEGERICH, J. The defendant on the 11th day of April, 1890, served a demurrer to the complaint herein on the ground that the same did not state facts sufficient to constitute a cause of action. Thereafter, and on the same day, the plaintiff served a notice of trial, to the effect that the issue of law in this action would be brought to trial at special term, at chambers, of this court, on the 16th day of April, 1890, at 10 A. M. At the time and place last mentioned the defendant appeared, and interposed preliminary objections to the sufficiency of the notice of trial served, and objected to proceeding with the argument of the demurrer upon the following grounds, viz.: (1) That, as the time within which to amend has not expired, the service of an amended pleading may defeat or render unavailing the notice of trial served; (2) that notice of argument has not been served.

We will proceed to examine the first point. It is a well-settled rule of law that the fact that a party may serve an amended pleading, and thus change the issues raised in the action, does not preclude the adverse part from noticing the cause for trial upon the issues then raised; but, so long as the right to amend exists, a notice of trial is liable to be defeated and rendered unavailing by the service of the amended pleading. *Washburn* v. *Herrick*, 4 How. Pr. 15; *Ostrander* v. *Conkey*, 20 Hun, 421; *Plumb* v. *Whipples*, 7 How. Pr. 411. See *Clifton* v. *Brown*, 27 Hun, 231. Unless an amended pleading is served before the time to do so expires, the notice of trial served will stand or continue in force; and this leads to the consideration of the question of the sufficiency of the notice raised by the second point.

It is admitted that the notice of trial above mentioned was served, but it is urged that only a notice of argument is available. After careful examination of the authorities, I am convinced that the notice served was and is sufficient. An issue of law arises only upon a demurrer. Code Civil Proc. § 964. After the joinder of issues, either party may serve a notice of trial, (Id. § 977;) and either party who has served the notice may bring the issue to trial, (Id. § 980.) No particular form of notice is prescribed by the statute or rules of court. Any form of notice is sufficient which apprises the adverse party that the cause will be brought on for trial at a time and place specified. Baylies, Trial Pr. 127.

The said objections are therefore overruled, and the parties will, unless an amended pleading is served before the time within which to do so expires, proceed with the argument of the demurrer on the 19th day of April, 1890, at 10 A. M., at special term.