### MEISLAHN *v*. HANKEN.

*(Common Pleas of New York City and County, General Term. April 4, 1892.)*

1. PRACTICE—NOTICE OF TRIAL—WAIVER OF DEFECTS.
    Irregularity in the service by defendant of notice of trial before the expiration of plaintiff's time to reply is waived by the retaining by plaintiff of the notice without objection under circumstances showing the purpose of both parties to secure thereby an early trial.

2. SAME—SETTING CASE FOR TRIAL.
    Under Code Civil Proc. § 793, by which the court is authorized, on the first day of the term, to set down for trial on that day a cause entitled to preference pursuant to a claim of preference in the notice of trial, without other notice to the opposite party, such party is not prejudiced by an order setting the cause down for trial on that day, although irregular, because made before the term, and *ex parte.*

3. SAME—SETTING ASIDE DISMISSAL—PAYMENT OF COSTS.
    On a motion by a plaintiff to set aside a judgment of dismissal on his failure to appear, and to restore the cause to the calendar, plaintiff may properly be required to pay all the costs of the action as a condition of granting such motion where defendant's proceedings were regular, and plaintiff's laches unquestionable, and the merits of the cause of action appear doubtful.

Appeal from special term.

Action by Margaret A. Meislahn against Richard Hanken, as administrator of George W. Butt, deceased, for services rendered to deceased. Plaintiff appeals from so much of the order of the special term of this court granting her motion to set aside the judgment and restore the cause to the calendar as requires her to pay all the costs of the action as a condition of granting the motion, and denies her motion unless such costs are paid. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*F. De Lysle Smith,* for appellant. *Weekes Bros.,* for respondent.

DALY, C. J. The service by defendant of notice of trial before the plaintiff's time to reply had expired would be irregular; but such irregularity could be waived, and the retaining by plaintiff of the notice, without objection or delay in objecting or acquiescence, would waive the irregularity. *Silliman v. Clark,* 2 How. Pr. 160; *Insurance Co. v. Kelsey,* 13 How. Pr. 535; *Johnston v. Bloomer,* 3 Edw. Ch. 328; *Trust Co. v. Reid,* Id. 414. The evidence of acquiesence in the premature notice is conclusive. When the cause was first at issue upon the original pleadings the plaintiff's attorney served and defendant's attorney accepted a short notice of trial for the April term, in order to hasten the trial of the action which delayed the distribution of the estate, but the plaintiff's attorney neglected to file a note of issue for the April term, and it was to remedy this neglect that defendant's attorney served the notice in question and filed a note of issue for the May term, immediately after serving an amended answer containing a counter-claim. This notice of trial contained a demand for a preference in the calendar, the action being against an administrator. Plaintiff's attorney retained it without any objection, and sub-

sequently served a demand for a bill of particulars of the counter-claim, but, without waiting for the bill of particulars, served his reply on May 7th. The cause was reached May 14th. All the circumstances show that both parties intended the notice of trial and of preference to effectuate their joint purpose, viz., an early trial, the issue upon the counter-claim to be joined in the mean time. Such an arrangement was valid, and the cause was therefore regularly on the calendar for the May term. The cause was reached on May 14th as a preferred cause, pursuant to an order setting it down for trial for the first Monday of May. The regularity of this order is attacked, because (1) it was was made before the first Monday, and (2) because it was granted *ex parte;* but the court at trial term on the first Monday could have set the cause down on that day pursuant to the preference claimed in the notice of trial, and without other notice to plaintiff, (Code, § 793,) and it virtually did so by taking up the case when it was regularly reached upon the day calendar under the order in question; so that plaintiff was not prejudiced thereby. On May 14th, when the cause was regularly reached in its order as a preferred cause upon the day calendar of the trial term, the defendant appeared, but the plaintiff did not, and the defendant, waiving his counter-claim, took a dismissal of the complaint. On the same day the defendant served a bill of particulars of his counter-claim, evidently anticipating that the plaintiff would seek to have the default opened and the cause restored; and in fact negotiations were commenced by plaintiff's attorney for that purpose. These culminated in a consent by defendant to the vacating of the judgment, provided plaintiff served at once a proposed order, with notice of settlement not later than June 16th, and provided the judge sitting at trial term would restore the case to the day calendar, to be tried forthwith. A proposed order, with notice of settlement for the 16th, was served by plaintiff's attorney, but he failed to appear on that day, and his default was taken, of which he received notice in writing the next day. He took no further steps in the matter until the latter part of October, when this motion was made to set aside the judgment. The estate in the mean time had been distributed by decree of the surrogate. The motion was denied, unless the plaintiff paid all the costs of the action, but, in case of such payment, the judgment was vacated, and the cause restored to the calendar for trial. As the defendant's proceedings were regular, and this motion was in effect to open a default, the court had the power to impose terms. Those inflicted were not too severe, as the laches of plaintiff in moving was unquestioned, the defendant being an administrator, and it having been conceded that he was entitled to a speedy trial, in order to close the estate, and that trial was to have been had in June previous. It was also proper for the court to consider the peculiar character of the action, viz., that it was brought by the lady with whom the intestate had boarded for several years immediately preceding his death to recover for washing his clothes for six years at $3 per week; mending and repairing them for the same period at $1 per week; cleaning, pressing, and packing, and preserving his outer garments from moth, etc., for the same period, at a cost of $300; attending and caring for him during his illness, for which $250 was charged; and, after his death, for use of her house and the personal services of her son, (whose claim was assigned to her,) for which $275 was charged. It was not denied that deceased had regularly paid his board every month during the whole of this period. Upon a careful examination of the appeal papers and points urged by the appellant the conclusion is easily reached that the order is correct, and should be affirmed. Order affirmed, with costs.