## MINRATH v. TEACHERS' LAND & IMP. CO. et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

PRACTICE—NOTICE OF TRIAL—AMENDED ANSWER.

Where, after an action to foreclose a mortgage has been noticed for trial, a defendant, who is a purchaser of the mortgaged property, serves an amended answer alleging usury, it is proper for the court, believing such answer to be interposed in bad faith, to require the trial to proceed at once upon the original notice of trial.

Appeal from special term, Westchester county.

Action by Ferdinand R. Minrath against the Teachers' Land & Improvement Company, William H. Van Cott, Jr., and Louis Proudfoot to foreclose a mortgage given to the plaintiff by defendant Van Cott. After the cause had been noticed for trial, the Teachers' Land & Improvement Company, which had bought the mortgaged property, served an amended answer alleging usury. Plaintiff obtained judgment. The Teachers' Land & Improvement Company appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Harriman & Fessenden, for appellant.

Hoadly, Lauterbach & Johnson, (F. R. Minrath, of counsel,) for respondents.

PRATT, J.   The practice is probably not entirely settled as to whether a new notice of trial must be given where an amended answer is, in good faith, served after a cause has been noticed for trial.   The case of Ostrander v. Conkey, 20 Hun, 421, seems to hold that a new notice should be given; but it is clear that, where the amended answer is not interposed in good faith, the court may require the trial to proceed at once upon the notice of trial originally given.   That course was taken by the court below.   The amended answer was deemed to be unnecessary and not interposed in good faith.   Entertaining such views, the court properly required the trial to proceed at once.   We cannot say the court was in error in taking that view of the answer.   Its substance was such as to expose it to strong suspicion.   The defense of usury does not call for especial favor, especially where, as in this instance, it is set up, not by a borrower, but by his vendee, who purchased knowing of the mortgage.   We do not think error was committed, and affirm the judgment, with costs.