(54 Misc. Rep. 301)

## LANGER v. SWASEY.

### (Supreme Court, Special Term, Nassau County. April, 1907.)

JUDGMENT—DEFAULT—EFFECT OF AMENDED ANSWER.

Where a defendant delays serving his amended answer until after the plaintiff had noticed the case for trial and had defendant's default regularly taken for failure to appear, the default was not affected by a subsequent filing of an amended answer, although the time allowed for filing

it had not elapsed, since by the express provisions of Code Civ. Proc. § 542, the right to so amend is not to prejudice proceedings already had.

Action by Oscar E. Langer against Lewis M. Swasey. Judgment was rendered for plaintiff. On motion for an order vacating judgment. Motion granted.

Motion by defendant for an order vacating and setting aside the judgment entered herein against defendant, striking the cause from the calendar, and directing plaintiff to accept defendant's amended answer as of April 3, 1907, and for such other and further relief as to the court may seem just.

Jesse Fuller, Jr., for the motion.
Charles S. Clark, opposed.

SCUDDER, J. The facts are briefly these: On February 18, 1907, the summons and complaint were served upon defendant. On March 11, 1907, the last day to answer, the answer was served by mail on plaintiff's attorney. On March 15, 1907, plaintiff served a notice of trial for the April term of the court, and the case was placed on the calendar. On April 1, 1907, the first day of the term, the calendar was called, and, the defendant not appearing, his default was noted. On April 3, 1907, twenty-three days after the service of the original answer by mail, defendant served an amended answer. On the following day, April 4th, plaintiff returned the amended answer, and on the same day took an inquest on defendant's default, which was noted on the call of the calendar. On April 5th the judgment was entered.

In a recent case the Appellate Division of this department has held that a defendant who has served his original answer by mail has a right to amend the same once as of course, without costs, within 40 days, if not done for the purpose of delay or to deprive the plaintiff of a term of the court. Schlesinger v. Borough Bank, 112 App. Div. 121, 98 N. Y. Supp. 136. It does not follow, however, that defendant's motion must be granted in this case, although the amended answer was served within 40 days after the service of the original answer by mail. The fact that a party may serve an amended pleading, and thus change the issues raised in the action, does not preclude the adverse party from noticing the cause for trial upon the issues thus raised; but, so long as the right to amend exists, a notice of trial is liable to be defeated and rendered unavailing by the service of the amended pleading. Unless the amended pleading is served before the time to do so expires, the notice of trial served will stand or continue in force. Townsend v. Hillmann, 9 N. Y. Supp. 629, 18 Civ. Proc. R. 213. The plaintiff in this case properly noticed it for trial. It was properly on the calendar; and, on defendant's failure to appear on the call of calendar, plaintiff was entitled to have his default noted. Defendant's default having been regularly taken, it could only be opened by application to the court. The default was not affected by the subsequent service of the amended answer. Section 542 of the Code of Civil Procedure expressly provides that the right to so amend is not to prejudice proceedings already had. If a defendant takes the full time allowed him to amend, he does so at the peril of all regular

proceedings which may be taken against him before he amends. Plumb v. Whipples, 7 How. Prac. 411. Defendant's default was regularly taken, and plaintiff could properly proceed with the inquest and enter judgment. It follows that defendant is not entitled to have the judgment set aside on the ground that it was irregularly entered against him. The affidavits in support of the motion herein also set forth sufficient facts to enable the court, in the exercise of its discretion, to grant the motion upon such terms as may be just.

Motion granted, vacating and setting aside judgment, with leave to defendant to serve amended answer within five days after entry of order, on payment of costs of action and of this motion; otherwise, motion denied, with $10 costs.