(127 App. Div. 448.)

## MURPHY v. LYON.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

1. TRIAL—NOTICE—EFFECT OF AMENDED ANSWER.

The seasonable serving by defendant of an amended answer, setting up a new and separate defense, destroys the effect of a prior notice of trial, unless such amended answer can be gotten rid of in time; so that, plaintiff not having got rid of it, or served a new notice, but, in the absence of defendant, moved for trial, and obtained judgment, the judgment will be vacated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 17.]

2. APPEAL AND ERROR—RECORD—AFFIDAVIT IN BRIEF.

Plaintiff's affidavit, appended to his brief, that on his request, at the trial, the court ordered the amended answer stricken out as having been interposed for delay, forms no part of the record, and so cannot be considered on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2965.]

3. PLEADING—STRIKING OUT PLEADINGS—NOTICE.

An amended answer cannot, without notice, be stricken out as having been interposed for delay.

Appeal from Special Term, Ulster County.

Action by Nicholas D. J. Murphy against Anna E. Lyon. From an order denying a motion to vacate and set aside the judgment for plaintiff, defendant appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Emilie M. Bullowa, for appellant.
N. Frank O'Reilly, for respondent.

CHESTER, J. The plaintiff duly noticed the cause of action for trial at the Ulster December Term, and placed the case upon the calendar of the court for trial at that time. Thereafter, and prior to the expiration of the defendant's time to serve an amended answer, the defendant duly served an amended answer, setting up usury as a new and separate defense to the action. No notice of trial was thereafter served, and the plaintiff served no notice of motion to strike out such amended answer. The plaintiff thereafter, in the absence of the defendant's counsel, moved the case for trial and obtained the judgment which is involved on this appeal. The service of the amended answer destroyed the original issue noticed for trial, and the plaintiff was not authorized to proceed to trial without serving a new notice of trial and filing a new note of issue, unless he could first get rid of the amended answer. Ostrander v. Conkey, 20 Hun, 422; Coler v.

Lamb, 19 App. Div. 237, 46 N. Y. Supp. 117; Ward v. Smith, 103 App. Div. 377, 92 N. Y. Supp. 1107. In Haskin v. Murray, 29 App. Div. 374, 51 N. Y. Supp. 544, it is said:

"If it should be made to appear to the court, under section 542 of the Code of Civil Procedure, that the pleading was amended for the mere purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out; but, unless such amended pleading is so stricken out by the court, the case must be tried upon the amended pleadings, and can only be placed on the calendar after a notice of the trial of the issue raised by the amended pleadings has been served, and the note of issue has been filed."

In New York Wire Company v. Westinghouse Company, 85 Hun, 271, 32 N. Y. Supp. 1127, it is said:

"If the amended answer in question was served in bad faith, simply for the purpose of delay, the Code points out the remedy, which a party aggrieved is entitled to pursue. He may have it stricken out upon motion, and then the action proceeds upon the original pleading."

The case of Minrath v. Teachers' Land & Improvement Co., 66 Hun, 632, 21 N. Y. Supp. 205, cited by the respondent, is not a very well-considered case, and so far as it holds that the court may proceed to trial upon the original notice of trial after the service thereafter of an amended answer, if it deems such amended answer to have been interposed in bad faith, must be deemed to be overruled by the great weight and number of the authorities to the contrary, some of which have been above cited.

Appended to the brief of respondent's attorney is his affidavit that the court, upon his request at the trial, ordered the amended answer to be stricken out as having been interposed for delay. This affidavit forms no part of the record, and cannot be considered by us; and, even if it could, there is no claim therein that the amended answer was stricken out upon notice to the plaintiff's attorney, and it could not be properly stricken out without such notice, and the judgment entered on motion of such attorney does not even recite that it was stricken out.

There is also a motion made by the plaintiff to dismiss the defendant's appeal from the judgment on the ground that it was taken by default, and therefore not appealable. This motion need not be decided, as we have reached the conclusion that the judgment must be vacated.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the judgment granted, with $10 costs, and with leave to the appellant to withdraw her notice of appeal from the judgment without costs. All concur.