(71 Misc. Rep. 143.)

### GROSSMAN v. SILVERMAN et al.

(Supreme Court, Appellate Term. February, 1911.)

1. TRIAL (§ 6\*)—NOTICE OF TRIAL.

As the service of an amended answer supersedes the original answer and destroys the original issue, a new notice of trial is necessary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 17; Dec. Dig. § 6.\*]

2. TRIAL (§ 6\*)—NOTICE—FILING OF AMENDED ANSWER—SECOND NOTICE.

Where notice of trial was served after issue joined, but before time for filing amended answer had expired, the notice was regular; the only risk of plaintiff being the loss of the required fee and the necessity of filing a new notice because of an amended answer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 13–18; Dec. Dig. § 6.\*]

3. TIME (§ 11\*)—FRACTIONS OF DAY.

Where a notice of trial by plaintiff and an amended answer were served on the same day, fractions of a day will be considered in determining whether the notice was filed before or after the filing of the answer.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 53; Dec. Dig. § 11.\*]

4. JUDGMENT (§ 167\*)—DEFAULT—OPENING—TERMS.

Where plaintiff was not entitled to a default judgment because he had failed to notice for trial the issues made by an amended answer, which were the only issues, the default entered should have been opened as a matter of right, without imposing terms.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.\*]

Appeal from City Court of New York, Special Term.

Action by Joseph Grossman against Emil Silverman and others. From an order granting a motion to vacate a judgment entered upon an inquest, and to open a default judgment, defendant Silverman appeals. Affirmed, as modified.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Samuel Wolbarst, for appellant.

Joseph P. Joachimson, for respondent Grossman.

Jacob Pawel, for respondent Freiman.

Max Arens, for respondent Fagan.

BIJUR, J. This appeal involves a question of practice. Appellant contends that his motion to open the default should have been granted as a matter of right, without imposition of terms, and that, in any event, the terms were too onerous.

The action was brought to foreclose a mechanic's lien; appellant's codefendants being subsequent lienors. Issue was joined by service of appellant's answer on plaintiff and the codefendants on the 22d to 24th

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of August, 1910. On August 29th plaintiff served a reply, together with notice of trial for the first Monday of October. At 11 o'clock on the night of August 29th, defendant served an amended answer by mail. Plaintiff, however, served no other notice of trial, but on December 13th appellant's counsel noticed in the Law Journal that an inquest had been taken on the previous day. The order appealed from was made on defendant's motion to open this default.

The service of the amended answer superseded the original answer, destroyed the original issue, and made necessary a new notice of trial. Murphy v. Lyon, 127 App. Div. 448, 112 N. Y. Supp. 152. Defendant did not waive any irregularity in the service of the notice of trial on August 29th by failing to return the same, because the notice was not irregular. Cases cited by respondent to the effect that such an irregularity is waived by the retention of such notice refer to the irregularity of serving the notice before the case was at issue, as, for example, where no answer to the complaint had been served (Wallace v. Syracuse Company, 27 App. Div. 457, 50 N. Y. Supp. 329), or before a reply to a counterclaim (Meislahn v. Hanken [Com. Pl.] 18 N. Y. Supp. 361). In the case at bar, however, the notice was perfectly regular when served. The original issue had been made, and a party may notice the same for trial. His only risk in doing so is the loss of the fee required and the necessity of filing a new notice if the original notice be superseded. Townsend v. Hillman, 18 Civ. Proc. R. 213, 9 N. Y. Supp. 629.

Respondent claims that, as the notice of trial and the amended answer were served on the same day, although the former was served during the daytime and the latter at 11 o'clock at night, the notice was sufficient, because the law will take no cognizance of fractions of a day. The rule, however, is that the law will regard fractions of a day, where the hour itself is material. Marvin v. Marvin, 75 N. Y. 240, 243; Haden v. Buddensick, 49 How. Prac. 241, 246; Wallace v. Syracuse Co., supra, 27 App. Div. 457–458, 50 N. Y. Supp. 329. As plaintiff had, therefore, failed to notice for trial the issues made by the amended answer, which were the only issues in the case, he had no right to take judgment by default, and the same should have been opened as a matter of right, without terms.

The order should be modified, by striking therefrom the imposition of costs, and, as modified, affirmed, with $10 costs and disbursements of this appeal to appellant against the plaintiff respondent. All concur.