(173 App. Div. 790)

### GUENTHER v. RIDGWAY CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

PLEADING ☞231—AMENDMENT.

> Where a complaint was amended by leave of court, the plaintiff, upon defendant serving an amended answer thereto, could serve a second amended complaint within 20 days, under Code Civ. Proc. § 542, allowing one amendment, for an amendment by leave of the court is not a substitute therefor.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 594–598; Dec. Dig. ☞231.]

Appeal from Special Term, New York County.

Action by Louis Guenther against the Ridgway Company. From an order declaring null plaintiff's attempted service of his second amended complaint, he appeals. Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

E. C. Crowley, of New York City, for appellant.
James B. Sheehan, of New York City, for respondent.

PAGE, J. Upon motion of the defendant, portions of the original complaint were stricken out, and the plaintiff given leave to amend. An appeal therefrom was taken to this court, and the order affirmed, and thereafter the plaintiff served an amended complaint pursuant to the order. A trial was thereafter had, which resulted in a verdict for the plaintiff, which on appeal to this court was reversed, and a new trial ordered. 170 App. Div. 725, 156 N. Y. Supp. 534. Thereafter defendant moved to be allowed to serve an amended answer, and was allowed to do so upon the payment of costs to date.

Upon the day the amended answer was served the plaintiff served a second amended complaint. This he clearly had a right to do, pursuant to section 542 of the Code of Civil Procedure. It has been uni-

formly held that a party has an absolute right to amend his pleading once, of course, providing he does so within 20 days after service of an answer, demurrer, or reply to his pleading; also that an amendment by leave of the court is not a substitute for that right, and does not preclude a subsequent amendment under section 542. Backes v. Mechanics' & Traders' Bank, 130 App. Div. 20, 21, 114 N. Y. Supp. 459; Hall v. Galban & Co., 164 App. Div. 873, 148 N. Y. Supp. 517.

The order should be reversed, with $10 costs and disbursements, and the defendant's motion denied, with $10 costs, with leave to the defendant, on payment of said costs, to serve an answer to the second amended complaint within 20 days from service of a copy of the order to be entered hereon, with notice of entry thereof. All concur.

---

(174 App. Div. 905)

### HERBERT v. ST. PAUL FIRE & MARINE INS. CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

PLEADING ☞317(5)—FIRE INSURANCE—BILL OF PARTICULARS—BURDEN OF PROOF.

Where defendant insurer set up falsity of value of items of property as alleged in proof of loss, the value being matter necessarily to be proved by the insured, she was entitled to a bill of particulars as to the items alleged to be falsely valued.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 958–961; Dec. Dig. ☞317(5); Damages, Cent. Dig. § 416.]

Appeal from Trial Term, New York County.