Louis Huebshman, Respondent, v. Julius G. Kugelman and Max Yankauer, Appellants.

First Department, November 5, 1920.

Pleadings — demurrer sustained with leave to plead over on payment of costs — defendants may not amend as of course under section 542 of Code of Civil Procedure.

Where a demurrer to an answer was sustained, with costs, with leave to defendants to apply at Special Term within ten days on payment of said costs and on affidavit showing merit for permission to amend their answer, the defendants may not amend as a matter of course without payment of costs under the authority of section 542 of the Code of Civil Procedure, although such amended answer is tendered within twenty days from the service of the plaintiff's demurrer.

As the issues between the parties were adjudicated and determined on the demurrer they cannot be altered by an amended pleading under section 542 of the Code of Civil Procedure as it would be prejudicial to the proceedings already had.

APPEAL by the defendants, Julius G. Kugelman and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of May, 1920, denying the defendants' motion for an order to compel the plaintiff to accept service of an amended answer.

*William N. Cohen* of counsel [*Robert T. Oliver*, attorney], for the appellants.

*Nathaniel A. Elsberg* of counsel [*Francis Woodbridge* with him on the brief], for the respondent.

SMITH, J.:

On April 15, 1920, the original answer was served. On April nineteenth the plaintiff demurred to the separate defense set up. The issue of law raised by the demurrer was brought on by plaintiff for argument as a contested motion on May 1, 1920, and on May 5, 1920, an order was entered sustaining the demurrer to the separate defense. The decision upon the demurrer sustained the demurrer, with ten dollars costs, with leave to defendants to apply at Special Term within ten days on payment of said costs and on affidavits showing merit for permission to amend their answer. After the determination of this issue and within twenty days from April 19, 1920, the date of the service of plaintiff's demurrer, the defendants offered an amended answer, claiming to avail themselves of their right so to do under section 542 of the Code, without the payment of costs and without application to the court for permission so to do and without the showing of merits as required in the order sustaining the demurrer. The Special Term has held upon this motion to compel the plaintiff to accept this amended answer that the defendants were not authorized after the determination of the demurrer to avail themselves of the privileges given by section 542 of the Code. The section cited authorizes a party to amend the pleadings once as of course within twenty days from the service of an adversary's pleading " without costs and without prejudice to the proceedings already had."

In my judgment to require the plaintiff to accept this amended answer after a trial and decision of the issue raised upon the demurrer to the first answer would be to prejudice the proceedings already had in the action. By this decision upon the demurrer the plaintiff has become entitled to try his case upon issues other than the issues presented by the separate defense unless the defendants should be able to satisfy the court that there were merits in the separate defense claimed, and pay the costs. This right of the defendants thus acquired is destroyed and the proceedings already had are thus prejudiced if the defendants may now serve an amended answer as of course. The question would be more boldly presented by supposing a case in which the service of the answer raised an issue of fact and the trial before the

First Department, November, 1920.      [Vol. 193.

jury of such issue and a verdict within the twenty days. If the verdict were in favor of the plaintiff could the defendant nullify the proceedings already had by serving an amended answer? If the verdict were in favor of the defendant could the plaintiff nullify the proceedings already had by serving an amended complaint? I cannot see that there could be any difference in principle between a case in which the issue raised be one of law or of fact. When the issue is adjudicated and rights are determined by such adjudication those rights cannot be taken away from a party by the service of an amended pleading by section 542 of the Code. To hold otherwise would permit a party to speculate upon the decision of the court upon a motion of this kind by enabling him to keep in reserve his supposed right to amend his pleading as of course, in case he is defeated upon the motion and avoid the consequences of any costs that may be imposed as a condition for amendment and at the same time take advantage of a favorable decision which awards his costs. Having submitted his pleading to the court for consideration he should not now be permitted to escape the consequence of paying costs imposed upon him as a condition of the amendment and showing merits.

This construction of the Code provision would seem to be sustained by the case of *Langer* v. *Swasey* (54 Misc. Rep. 301). In that case it was held that " Although a defendant who serves his answer by mail has forty days within which to amend it, his right is without prejudice to proceedings already had; and where, in the meantime, the cause has been regularly noticed for trial and he has suffered default, his subsequent amendment of his answer will not render irregular the judgment against him, and his motion to set the same aside will be denied." In that case Mr. Justice SCUDDER says: " It does not follow, however, that defendant's motion must be granted in this case, although the amended answer was served within forty days after the service of the original answer by mail. The fact that a party may serve an amended pleading and thus change the issues raised in the action does not preclude the adverse party from noticing the cause for trial upon the issues thus raised; but, so long as the right to amend exists, a notice of trial is liable to be defeated and

rendered unavailing by the service of the amended pleading. Unless the amended pleading is served before the time to do so expires, the notice of trial served will stand or continue in force. * * * The plaintiff in this case properly noticed it for trial; it was properly on the calendar; and, on defendant's failure to appear on the call of calendar, plaintiff was entitled to have his default noted. Defendant's default having been regularly taken it could only be opened by application to the court. The default was not affected by the subsequent service of the amended answer. Section 542 of the Code of Civil Procedure expressly provides that the right to so amend is not to prejudice proceedings already had. If a defendant takes the full time allowed him to amend, *he does so at the peril of all regular proceedings which may be taken against him before he amends.* (*Plumb* v. *Whipples,* 7 How. Pr. 411.) Defendant's default was regularly taken, and plaintiff could properly proceed with the inquest and enter judgment. It follows that defendant is not entitled to have the judgment set aside on the ground that it was irregularly entered against him."

In *Plumb* v. *Whipples* (7 How. Pr. 411) section 172 of the Code of Procedure as it then stood was construed. That section was substantially the same as section 542 of the present Code of Civil Procedure. In that case the plaintiff took an inquest on the second day of the circuit and entered judgment thereon and the defendant amended his answer within forty days from the time that the original answer was served, claiming the right to amend as of course within that time because the answer was served by mail. The motion was then made by the defendant to set aside the judgment which had been entered against him for irregularity. Mr. Justice HARRIS at the Albany Special Term held that the defendant was not entitled to set aside the judgment. The opinion in part reads: " By the defendants' answer, controverting the material allegations in the complaint, an issue of fact was made, which might be noticed for trial. * * * The plaintiff's attorney was therefore regular, in serving notice of trial on the first of April. The defendant insists that, by the 172d section of the Code, he was entitled to amend his answer; and that having served his original

answer by mail, the time to amend was extended to forty days. But I think he is mistaken in his main position. * * *

" But if he had such right, if the answer had contained new matter to which the plaintiff had replied at the same time he noticed the cause for trial, still I think there would have been a conclusive answer to this motion. Then, the defendant would, indeed, have had the right to amend, and that right would have extended twenty or forty days from the time of serving the reply, according to the manner of service. But the right so to amend is not to ' *prejudice the proceedings already had.*' Effect is to be given to this provision, and I understand it to have been intended for a case like that under consideration. The plaintiff had a right, when the cause was at issue, to notice it for trial. If the issue noticed for trial still remained, when the time for trial arrived, then he might try the cause, and, if successful, perfect judgment. None of these proceedings are to be prejudiced by a *subsequent amendment*, even although it should be made within the time prescribed by the statute. The plaintiff may notice his cause for trial before the time for amending the answer expires. He does so at his peril. That peril is, the contingency that before he can bring it to trial, the defendant may amend, and thus destroy the issue he had intended to try. On the other hand, the defendant takes the time allowed him to amend, *at the peril of all regular proceedings which may be taken against him before he amends.* Such proceedings, whatever they may be, are not to be *prejudiced* by the amendment."

In the case of *Guenther* v. *Ridgway Co.* (173 App. Div. 790) portions of the original complaint had been stricken out and plaintiff given leave to amend. An appeal therefrom was taken in this court and the order affirmed (149 App. Div. 948) and thereafter the plaintiff served an amended complaint pursuant to the order. A trial was thereafter had which resulted in a verdict for the plaintiff which, on appeal to this court, was reversed and a new trial ordered. (170 App. Div. 725.) Thereafter defendant moved to be allowed to serve an amended answer and was allowed to do so upon payment of costs to date. After the amended answer had been served the plaintiff served a second amended com-

plaint and it was held that he had the right to do so under section 542 of the Code of Civil Procedure. The distinction between this case and the cases before cited is that no proceedings had been taken intermediate the service of the amended answer and the service of the amended complaint under section 542 of the Code, so that no proceedings had been taken which would be prejudiced by the service of the amended complaint pursuant to the right conferred by that section.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.