■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HARRIS, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Queens County, rendered April 15, 1980, convicting him of two counts each of robbery in the first and second degrees, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 1, 1980, which denied his motion pursuant to CPL 440.10 to vacate the judgment. Case remitted to Criminal Term to hear and report on defendant's motion pursuant to CPL 440.10 and appeals held in abeyance in the interim. Criminal Term shall file its report with all conve-

nient speed. Following defendant's conviction, his appellate counsel moved to vacate the judgment. At the trial, the crucial issue was one of identification. Testimony at trial indicated that the perpetrator of the crimes wore his hair in an "Afro" style. It was defendant's contention, however, that he had cut his hair short prior to the time of the alleged robbery. Defendant now contends that although his trial counsel was aware of the barber who had given defendant the haircut, no attempt was made to subpoena or otherwise reach this important witness. Additionally, it is alleged that trial counsel failed to call other witnesses who might have aided defendant in his defense. In denying defendant's motion without a hearing, the court ruled that a motion pursuant to CPL 440.10 is an inappropriate vehicle for challenging the alleged inadequacy of trial counsel (as this claim may be raised on appeal) and that nothing unknown to the defendant at the time of trial was presented in the affidavits in support of the motion. Although the ineffectiveness of counsel may be raised on appeal when counsel has erred on the record or has failed to take action upon something which occurred during trial, the claim raised here with respect to counsel's ineffectiveness is a matter dehors the record. It involves the question of whether counsel, in fact, prepared defendant's case as he should have. Proof that he did not may be presented only through statements of persons who did not appear at trial and who had no connection with the trial. Under these circumstances, we deem it necessary to remit the matter to Criminal Term for a hearing. On the record before us, we cannot agree that as a matter of law nothing unknown to the defendant at the time of trial was presented on the motion. Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.