■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HARRIS, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 15, 1980, convicting him of two counts each of robbery in the first and second degrees, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 1, 1980, which denied his motion pursuant to CPL 440.10 to vacate the judgment. On May 4, 1981, this court remitted the case to Criminal Term to hear and report on defendant's motion pursuant to CPL 440.10 and the appeals have been held in abeyance in the interim. Criminal Term has complied and filed its report in accordance therewith (*People v Harris,* 81 AD2d 839). Judgment and order affirmed. No opinion. Mollen, P. J., Titone, Cohalan and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL JAR-RETT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered July 3, 1980, convicting him of attempted robbery in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. Assigned counsel relieved, Salvatore Aspromonte, Esq., assigned as new counsel, and new counsel is directed to serve and file a supplemental brief in accordance with the following memorandum, and appeal held in abeyance. Counsel, in his brief, fails completely to deal with any of the points raised by the defendant. His request for withdrawal must be accompanied by a brief referring to anything in the record that might arguably support the appeal (see *Anders v California,* 386 US 738; *Barnes v Jones,* 665 F2d 427; *People v Gonzalez,* 47 NY2d 606; *People v Crawford,* 71 AD2d 38). The record reveals at least two arguable issues that should have been brought to our attention by assigned counsel, namely, the denial of defendant's motion to suppress a statement given to the police (see *People v Lucas,* 53 NY2d 678) and the ineffective assistance of trial counsel. Assigned counsel's responsibility "is to assist the court in reviewing the case by advancing defendant's contentions to the fullest extent that the record permits" (*People v Crawford, supra,* p 39). By the neglect of this responsibility, defendant was deprived of effective appellate counsel. Accordingly, substitute counsel is appointed, with directions to file a supplemental brief within 60 days of the order to be entered hereon. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.