THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGETTE NIELSEN, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of violating section 408 of the Penal Law (possession of burglar's instruments), unanimously affirmed. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK on the complaint of A. ALFRED COHEN, Superintendent, New York Training School for Boys, Respondent, v. DAVID BROWN, Appellant.— Appeal by defendant from a judgment of the County Court of Orange County, adjudicating him to be a wayward minor. Judgment reversed on the law and the information dismissed. The information charging defendant with being a wayward minor specifies acts on four separate occasions between April 4, 1950, and July 16, 1950. There was no testimony with respect to the occurrence on July 16, 1950. The other acts charged were committed when defendant was under sixteen years of age. The statute (Code Crim. Pro., § 913-a) defines a wayward minor as a person between the ages of sixteen and twenty-one who commits the acts therein specified. In any event, we would reverse and grant a new trial on the ground that this juvenile delinquent of the age of sixteen, giving the answers he did when the court advised him of his right to counsel, did not competently and intelligently waive that right. (*Johnson* v. *Zerbst*, 304 U. S. 458; *People ex rel. Sedlak* v. *Foster*, 59 N. Y. S. 2d 477, revd. on other grounds 274 App. Div. 850, affd. 299 N. Y. 291.) Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

■

ROBERT L. STAVER, Appellant, v. IRVINGTON HOLDING CORPORATION, Respondent.— In an action to recover brokerage commissions for procuring a tenant for certain store premises owned by defendant, a judgment of the City Court of the City of New York, County of Kings, entered on a jury verdict in favor of plaintiff, was reversed by the Appellate Term and a new trial granted, with costs to defendant to abide the event, on the ground that the verdict was contrary to the weight of the credible evidence. This court granted plaintiff leave to appeal on his filing a stipulation for judgment absolute. Order of the Appellate Term unanimously affirmed, and judgment directed for defendant on the stipulation, with costs to defendant in all courts. No opinion. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.

■

VILLAGE OF GREAT NECK ESTATES, Respondent, v. ROBERT J. ROSE et al., Appellants.— Judgment enjoining defendants from using certain real property fronting on Middle Neck Road, in the village of Great Neck Estates, Long Island, which property is located in the Residence B District, under the Building Zone Ordinance of the village, as a parking space or causing or permitting the same so to be used, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.