THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY ADOMAITIS, Defendant.

Supreme Court, Special Term, Orange County, April 22, 1952.

*John F. Meehan* for defendant.

*Abraham S. Isseks, District Attorney,* for plaintiff.

EAGER, J. The defendant, who is now serving a sentence in the Attica State Prison following a conviction as a second or third offender, brings this motion in the nature of one *coram nobis* to vacate and expunge from the records his first conviction entered in the office of the Clerk of the Supreme Court on October 15, 1926. It appears that the defendant was indicted in Supreme Court, Orange County on October 6, 1926, charged with having committed the crime of larceny in the first degree

on August 12, 1926. He was arraigned on October 15, 1926, and pleaded guilty. He was convicted on this plea of guilty. He moves that such conviction be set aside upon two grounds, namely, *first,* that the conviction was a mistake and a fraud as against him in that he was under sixteen years of age at the time of the alleged larceny and therefore guilty of no crime; and, *second,* that the court failed to advise the defendant of his right to counsel.

Pursuant to the requirement of *People* v. *Richetti* (302 N. Y. 290), the defendant was afforded a hearing in open court. His testimony was taken by which it appears that he was only sixteen years of age at the time he was arraigned on the 1926 indictment. He testified that he was but fifteen years of age on August 12, 1926, when the alleged larceny was committed. He offered in evidence a birth certificate of a town clerk of a town in Massachusetts, which is duly certified by the town clerk and attested by the Secretary of the Commonwealth of Massachusetts, under seal, showing that he was born on September 3, 1910. In addition, he offered in evidence a certificate of the board of education of the City of New York as to his record in the school system of such city, and such record shows his date of birth to be September 3, 1910. The only witness called, in addition to the defendant, upon the issues before the court, was the clerk of the court, who testified that the defendant was informed as to his right to counsel on his arraignment. The defendant was not, however, represented by counsel, and he testified that at no time did he consult counsel.

Upon the basis of the certificate of the defendant's birth, the court finds that the defendant was under the age of sixteen at the time of the commission of the larceny for which the defendant was indicted. (See Penal Law, § 817, to the effect that a birth certificate is competent proof of age.) Under the laws of this State, as they now are and as they were in 1926, the defendant, being under sixteen years of age, was not capable of committing the crime of larceny. (See Penal Law, § 2186, L. 1924, ch. 254.) Therefore, there is no question but that the defendant's conviction occurred through his ignorance and through mistake on the part of the defendant, the District Attorney and the court. It is clear that neither the court nor the District Attorney would have been a party to the conviction of this youth of a felony if the fact of his age at the time of the alleged offense had been affirmatively presented to the court or District Attorney. Under the circumstances, the defendant's conviction was a mistake and this court, in its discretion, deems

that it should be set aside even without proof of malice or fraud. Under the reasoning of Fuld, J., in his concurring opinion in *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219, 227–229) it is clear that this motion is the proper means to attack and have vacated the said conviction of 1926. His subsequent conviction as a second or third offender is no bar to his right to now attack his first conviction. (See *Matter of Bojinoff* v. *People,* 299 N. Y. 145.)

This court, however, does find that the defendant was told on arraignment, of his right to counsel. The defendant, however, certainly did not fully understand his rights, or he would have demanded counsel and defended the charge. It is well established that the waiver of the constitutional and statutory right to counsel is occasioned only when the accused acts understandingly, competently and intelligently. (See *Rice* v. *Olson,* 324 U. S. 786, and *Williams* v. *Kaiser,* 323 U. S. 471.) In view of defendant's immature age, his failure to demand counsel and defend the charge is not considered a waiver of his right to now attack the conviction. Such conviction is, in effect, a nullity (see *People* v. *Murch,* 263 N. Y. 285, 290, 291), and should be set aside.

The conviction of the defendant of grand larceny in the first degree in this court on October 15, 1926, is vacated and set aside. This does not mean that the defendant is to be released from custody, for he is now held by virtue of sentence under a subsequent conviction, but he may be entitled to move to have such sentence corrected.