John S. Lockman, J.
The defendant, by means of a pro se petition, moves this court for the assignment of legal counsel for the purpose of having a judgment vacated which was entered by this court on February 15, 1972. The defendant’s motion papers request that relief be entered pursuant to a "writ of error coram nobis” which statutorily now is set forth in CPL 440.10. In order to expedite the motion herein, the court has granted the defendant’s initial application for the assignment of legal counsel and that counsel has submitted a supplemental affidavit which has been consolidated with the defendant’s motion papers. Upon such consolidation, the court now considers the defendant’s application.
The gravamen of the defendant’s motion is that he was assigned legal counsel to represent him in regard to an indictment charging him with criminally selling a dangerous drug in the third degree (two counts) and criminally possessing a dangerous drug in the fourth degree (two counts). The attorney, Albert Silver, who was assigned to represent the *197 defendant was subsequently discovered never to have been a member of the New York Bar. Thus, the defendant’s position succinctly stated is that his guilty plea which was entered on January 4, 1972, to criminal sale of a dangerous drug in the third degree and the sentence thereon on February 15, 1972 for which the defendant received an indeterminate sentence the maximum of which was three years, are null and void. CPL 440.10 (subd 1, pars [b], [h]) provides:
"1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:
"(b) The judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or in behalf of a court or a prosecutor; * * *
"(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.” (Emphasis added.)
In applying the foregoing to the factual setting herein, consideration must be given to the totality of circumstances regarding the representation that the defendant received through his "attorney” and the relationship to the final judgment of conviction.
Surprisingly, there is little case law in this area to guide the court. However, both the defendant and the People cite two cases dealing with the issue herein, but which are directly in conflict with each other. In People v Washington (87 Misc 2d 103) the court held that representation by an unlicensed attorney is per se violation of a defendant’s constitutional rights. However, in People v Wright (County Ct, Nassau County, July 29, 1976, Vitale, J.) the court found that "representation by unlicensed counsel does not in and of itself require the court to vacate the judgment. Rather the court must examine the record of the proceeding to determine if such representation prejudiced the defendant and whether there is no reasonable possibility that such representation might have contributed to the defendant’s conviction and that it was thus harmless beyond a reasonable doubt. People v Crimmins, 36 N.Y. 2d 230, 237.”
This court adopts the ratio decidendi of People v Wright (supra). An examination of the record concerning the entry of the guilty plea and the subsequent sentence reveals that there is no reasonable possibility that Albert Silver’s representation contributed to the defendant’s conviction.
*198 Accordingly, the defendant’s motion for the vacatur of judgment is denied.