Benjamin Altman, J.
Defendant has been arrested for a *679 violation of sections 120.20 (reckless endangerment), 155.35 (grand larceny), and 165.50 (criminal possession of stolen property) of the Penal Law. At issue is whether the defendant is entitled to be treated as a juvenile.
Defendant makes a motion to dismiss on the grounds that he is under 16 and should be treated as a juvenile pursuant to section 30.00 of the Penal Law. The defendant has brought before this court, in support of his motion, one Ronald K. Weiss, Esq., of the Legal Aid Society, Juvenile Rights Division, who stated that (a) he has represented the defendant for the past three years in Family Court; (b) he has seen a birth certificate of the defendant in New York City, indicating the defendant was born on April 19, 1961; and (c) he had a nonverified school record for presentation to the court indicating the defendant is 15 years old.
The prosecution, in opposing the motion, contends that since the defendant never interposed a defense of under age at arraignment, the motion should be denied and the court should grant the motion on presentation of a certified birth record.
The question whether the accused is or is not within the age prescribed is a jurisdictional one. This is a question which the court must pass on instead of submitting to the jury (see People v Jones, 38 NYS2d 207; People v Brown, 278 App Div 576). In determining the question, the court exercises large discretion, although such discretion cannot be exercised arbitrarily.
To justify a criminal instead of a delinquency proceeding, it must appear affirmatively that the person charged is of the age fixed by the statute for criminal prosecution (Penal Law, § 30.00).
Clear and convincing evidence or some ascertainment with certainty is necessary.
Two conflicting guidelines present themselves. Where a serious and substantial doubt arises from the evidence on the question of age, such doubt should be resolved in favor of the child. Yet, on the ground that the presumption is in favor of the court’s jurisdiction, and that the court will not assume that a person charged is under the statutory age, the accused has the burden of proof with respect to his age (43 CJS, Infants, § 99).
Penal Law of 1909 (§ 817 [now repealed]) did provide some *680 guidelines to aid the court to reach a determination as to the age of a defendant. It stated as follows: "Whenever in any legal proceedings it becomes necessary to determine the age of a child, the child may be produced for personal inspection, to enable the magistrate, court or jury, to determine the age thereby; and the court or magistrate may direct an examination by one or more physicians, whose opinion shall also be competent evidence upon the question of age. A copy of the record of baptism of any child in any parish register, or register kept in a church, or by a clergyman thereof, or a certificate of baptism duly authenticated by the person in charge of such register, or who administered said baptism, and also a transcript of the record of birth recorded in any bureau of vital statistics or board of health, duly authenticated by its secretary or under its seal, and the entries made in a family Bible, shall also be competent evidence upon the question of age.”
In People v Adomaitis (201 Misc 707) the defendant brought a coram nobis proceeding to vacate a conviction on the ground that he was under 16 years of age at the time of the offense and was therefore guilty of no crime. The defendant presented a birth certificate and the court accepted this as sufficient evidence that the defendant was under age 16 at the time the crime was committed.
Thus, a presentation of a valid certified birth certificate is competent proof of age. No such certificate has been offered here. Let us look at the factual situation presently before this court.
In examining the court papers the court finds the criminal record (NICID sheet) shows defendant’s birthdate as April 19, 1960; that the defendant has been arrested four times; that the dismissals in the first two cases were not for underage; that in the ROE statements submitted to the PTSA* the defendant gave different names in all different home addresses, different high schools, different mother’s names and other distinct differences.
In the past two or three years, young defendants have very often pleaded under age as a basis for dismissal and avoiding process in the criminal court. An investigation was launched by the New York City District Attorney’s office which found that many fraudulent. and forged birth certificates, school *681 records, baptismal certificates were "floating” around permitting young defendants to escape being prosecuted under laws applying to adults. The defendant’s outrageous misrepresentations to the court and the court representatives and liaison cited above are sufficient for the court, with all the facts that it has before it, to rule that defendant is deemed over 16 and therefore can be legally before this court.
Motion is denied with leave to renew upon presentation of a certified birth record.

Pretrial Services Agency.