“Christ, J.
(dissenting.) The majority opinion adheres to a legal fiction which was embraced in order to aid persons whose ages were being determined and to prevent hardship or loss to such persons. I do not perceive the reasons why this legal fiction should be perpetuated in a situation which invites a reasonable departure from the rule. The majority holds that the defendant was 16 years of age on the day before his 16th birthday. The obvious consequence of its holding is — not to aid the defendant — but to deprive him of the advantages of being treated in the Family Court where special rehabilitative procedures are available, and to thrust him as a fully mature and adult criminal before the court of general criminal jurisdiction.
“The irony of the rule that places defendant in his difficulty is that it is based on an exception. Time measurements generally count and include the terminal day in the period under consideration (see, e.g., H.E. & S. Transp. Corp. v. Checker Cab Sales Corp., 271 N. Y. 239; General Construction Law, § 20). The legal fiction applied here *972 excludes that day and justifies such computation by counting the actual day of birth (5 ALR 2d 1143). The latter citation points out that the fiction has been criticized.
“The most cogent and significant reason for not following the fiction in the present case is the countervailing rule that criminal statutes must be ‘strictly construed against the party seeking their enforcement and in favor of the person being proceeded against’ (People v. O’Neill, 208 Misc. 24, 25; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 271). While the Family Court Act section at issue here (§ 712) is not strictly a penal or criminal statute, it very much affects the jurisdiction and treatment of criminal acts and offenders; in that respect it ought to be construed most favorably toward ‘the person proceeded against’, particularly since the very purpose of the statute was to aid ‘persons less than sixteen years of age.’
“I am confident that the common understanding of the said section 712 of the Family Court Act is that it means the birth date itself shall control, not some artificial arrangement resulting in the day before the birth date. I am not able to agree, despite the seriousness of the crime charged, that defendant should be treated as a fully mature adult merely because of the application of a legal fiction.”
The Stevenson opinion, while certainly more helpful to the defendant’s application than the common-law rule, apparently settles the art of age computation so that “the birth date itself shall control, not some artificial arrangement resulting in the day before the birthdate.” (Supra, p 476.) Under the Stevenson decision, the defendant reached his sixteenth birthday on the date of the crime.
The defendant seeks to extend the scope of the Stevenson opinion to include an examination of the birthdate itself as a reasonable departure from the rule. In support he has annexed a birth certificate which indicates birth at 5:35 a.m. The defendant contends that not until 5:35 a.m. of March 16, 1983 would he attain the age of 16 years old.
A presentation of a valid certified birth certificate is competent proof of age (People v Eric T., 89 Misc 2d 678). In People v Adomaitis (201 Misc 707), the defendant presented a birth certificate and the court accepted this as *973 sufficient evidence that the defendant was under age 16 at the time the crime was committed. If a birth certificate is proof of age, it might seem a logical step to examine the entire birth certificate for proof of age, including the time of birth.
The District Attorney would argue that under the General Construction Law, parts or fractions of a day should not be considered. “[T]he law does not take notice of a fraction of a day” (Matter of Garelick v Rosen, 274 NY 64, 68). The court is again faced with another legal fiction.
While it is true that section 19 of the General Construction Law defines a calendar day as including the time from midnight to midnight, nevertheless, “(cjourts will take notice of the fractions of a day, ‘when there are conflicting rights, for the determination of which it is necessary for them to do so.’ ” (Wallace v Syracuse, Binghamton & N. Y. R. R. Co., 27 App Div 457, 458-459; emphasis supplied.)
This doctrine has been expressed in varying phraseology through the years. As early as 1850, the Court of Appeals said: “As a general rule the court does not inquire into the fractions of a day, except for the purpose of guarding against injustice.” (Blydenburgh v Cotheal, 4 NY 418.)
Perhaps the most generally accepted statement of the rule is found in the opinion of Judge Miller written in 1878: “The law does not regard fractions of a day, except in cases where the hour itself is material, as in the case where priority of judgments is in question.” (Marvin v Marvin, 75 NY 240, 243; emphasis supplied.)
Judge Bischoff, in applying this rule, says: “By the express provisions of the Constitution of this state (Art. IV, § 9), acts of the legislature approved by the governor become effective as laws only upon such approval (Suth. Stat. Const. § 104); and whenever in the ascertainment of the rights and obligations of parties such becomes material, courts may inquire into the precise time when the several laws took effect. Town of Louisville v. Portsmouth Savings Bank, 104 U. S. 469. In the case last cited Mr. Justice Harlan observed that ‘courts may, when substantial justice requires it, ascertain the precise hour when a statute took effect by the approval of the executive. * * * We look to the final act of approval by the executive to find when the *974 statute took effect and, when necessary, inquire as to the hour of the day when that approval was in fact given.’ The legal fiction that the law does not recognize the fractions of a day does not obtain in such a case. Suth. Stat. Const. § 110. This is in accord with the views expressed by Judge Story in the following terse language: T am aware that it is often laid down that in law there is no fraction of a day. But this doctrine is true only sub modo, and in a limited sense, where it will promote the right and justice of the case. It is a mere legal fiction, and, therefore, like all other fictions, is never allowed to operate against the right and justice of the case. On the contrary, the very truth and facts, in point of time, may always be averred and proved in furtherance of the right and justice of the case, and there may be even a priority in an instant of time, or in other words, it may have a beginning and an end.” (Ottman & Co. v Hoffman, 7 Misc 714, 715; emphasis supplied; see, also, Carter v Brockway Motor Co., 248 App Div 734, 735; Grossman v Silverman, 71 Misc 143; Matter of Lanni v Grimes, 173 Misc 614.)
In the Lanni case the court held that where two petitions designating delegates to the Republican National Convention were stamped by a recording clock at the board of elections at 10:54 p.m., the petition which was stamped prior to the other, although within the same minute, was the “petition filed first” within the Election Law.
However the many examples cited in the above quote from the Lanni case all appear to involve either conflicting claims, rights or a situation involving a priority, i.e., the filing of judgments, liens or political petitions on the same day. Furthermore, sections 20 and 30 of the General Construction Law do not relate to the computation of a period of time, but only to the construction of the meaning of the number of days within, after or before which an act is authorized, and of the number of months after or before a certain day. This court finds nothing in the General Construction Law to indicate any intention on the part of the Legislature to alter the rule in Stevenson for computing the age of human beings.
The consequences of holding the defendant to be an adult are obvious — since the alleged crime took place five *975 hours into the sixteenth anniversary date of his birth (yet half an hour before the exact moment of his birth) the defendant is thrust into the criminal justice system instead of the juvenile delinquent justice system. However, that is not to say that this decision is contrary to the furtherance of the right and justice of the case. The defendant was not in a race for a priority lien right over another.
The defendant’s race was with the hour of midnight and in that race he finished a distant second. It is now up to the criminal justice system to determine if it was a race worth running.
The defendant’s motion is denied.
The parties are directed to engage in voluntary disclosure with regard to items of discovery and inspection and a bill of particulars. Resort may be had to this court as to items not capable of resolution by that method.
The defendant, by separate demand, may request the necessary pretrial hearings upon notice to the District Attorney.