In the Matter of Joel Barnet Steinberg, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 19, 1988

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*Marshall G. Kaplan* for respondent.

### OPINION OF THE COURT

Per Curiam.

After an investigation initiated in this court, the Departmental Disciplinary Committee (DDC) has moved for an order revoking respondent's admission to the practice of law. Respondent was admitted in the First Department on July 7, 1970.

The motion is made pursuant to Judiciary Law § 90 (2), and is predicated upon respondent's failure to comply with the Rules of the Court of Appeals for the admission of attorneys, as amended January 1, 1970, and upon his failure to disclose to this court that he had not complied with those rules.

On May 13, 1970, respondent filed with this court's Committee on Character and Fitness a sworn application for admission, to which he attached a certificate issued by the New York State Board of Law Examiners, dated March 17, 1970, permitting respondent to apply for admission to practice in New York without obtaining a passing grade on the Bar examination. The application to the Board of Law Examiners for the certificate of dispensation was apparently destroyed many years ago and is not available for review. The DDC's motion is supported, however, by other available documents, such as respondent's law school records, his application for admission filed with this court, and copies of 1970 letters, received after the return date of the motion, from the then Associate Dean of New York University School of Law to the State Board of Law Examiners and to respondent.

Former part 526 of the Rules of the Court of Appeals (22 NYCRR) relieved certain otherwise qualified candidates for admission to the Bar from taking the Bar examination if certain qualifications were met. An applicant had to have served in the Armed Forces for at least 12 months after January 1, 1963, and been honorably discharged; at the time of his induction he had to have been a resident of the State for the preceding six months; after January 1, 1963 and after completing in an approved law school two thirds of the requirements for graduation, his course of law school study had to have been interrupted by active service in the Armed Forces for at least 12 months; or after graduating he was prevented from taking two examinations following the comple-

tion of his requirements for graduation by active service in the Armed Forces.

While respondent met certain of these requirements, he apparently was not eligible under two of the conditions. When he left law school in May 1964, at the end of his second year, he was "dropped for poor scholarship", according to a certificate signed by the acting Associate Dean of New York University School of Law. Thus, his law school studies were not "interrupted by active service in the armed forces". He did not enter the United States Air Force, voluntarily, until April 1965, approximately 11 months after he had been academically dismissed.

Furthermore, when respondent left law school he had not completed two thirds of his academic requirements. While he had taken 57 of the 80 course hours required for graduation, he had failed two of these courses (6 hours) and obtained unsatisfactory grades in another eight courses (22 hours). When he returned to law school in 1968, as a condition of readmission, respondent had to make up these courses. He graduated in February 1970.

In response to the petition respondent requested assignment of counsel. On December 28, 1987, we denied the application with leave to renew upon a proper showing and directed respondent to respond to the application to revoke his license within 30 days. The day after the order was issued this court received a letter from respondent in which he acknowledged his ineligibility for assignment of counsel, and requested a reasonable time to respond to the petition. We have now received his affidavit in opposition, as well as the DDC's reply.

Respondent argues that this court cannot revoke a certificate issued by the State Board of Law Examiners, and that he did not lie to the Board in obtaining the certificate. He denies the allegations in the moving papers, and concludes by arguing that this application has been brought only because he has been charged with a notorious crime. Noteworthy is his complete failure to deny the DDC's claim that he was ineligible for the part 526 waiver of the Bar examination requirement.

Judiciary Law § 90 (2), upon which the DDC relies, provides that this court is "authorized to revoke [the admission to practice of an attorney] for any misrepresentation or suppression of any information in connection with the application for admission to practice." We note also that the application

which respondent submitted to the Committee on Character and Fitness contains a warning to the effect that the suppression of any information could lead to revocation of the license to practice. Thus, the issue before us is whether respondent misrepresented or suppressed any information in connection with his application.

This case presents, to say the least, a novel situation. On the basis of all the documents before us, respondent was clearly ineligible for admission without having passed the Bar examination because, as already noted, he had not met the minimum requirement of part 526 in two important respects. In his papers here he has not disputed any of the underlying facts, but does deny, generally, having made any misrepresentations in his application for a certificate waiving the passing of the Bar examination. Unfortunately, as already noted, the application to the State Board of Law Examiners, which issued the waiver, is no longer available. Thus, we do not know the nature of the precise personal representations respondent actually recorded on his application.

The two letters from the then Associate Dean at New York University School of Law are particularly significant. The letter to the Board of Law Examiners dated February 6, 1970 states, in pertinent part, "Prior to Mr. Steinberg's entry into the Armed Forces he completed four full-time terms at the Law School, and then completed two-thirds of the residence credit required for graduation by the Court of Appeals Rules. During this period, Mr. Steinberg was enrolled in courses totalling 57 credits." In a letter to respondent dated the same day, the Associate Dean states, inexplicably, "You will note that paragraph three of my letter does not state in so many words that you had completed two-thirds of the graduation requirements prior to your entry into the Armed Services." The Associate Dean acknowledges, "In terms of total hours of credit earned at that time, you had at that point only 51 credits * * * You did, however, attend for two full years and you were regularly enrolled in courses totaling 57 credits, as stated in the attached letter."

The letter went on, "It thus appears to me that whether or not you meet the conditions of Rule VI-a is a matter of interpretation. My letter to the Board contains nothing inaccurate, however, if future inquiry is addressed to the number of hours for which credit had been earned, I should, of course,

have to respond."* The Associate Dean's letter concludes, "You may wish to inquire directly of the Board or you may wish to remain silent and hope that they will simply act favorably on your application as it stands."

While the Associate Dean's opinion that the letter does not conceal the truth is certainly open to question, for purposes of this application it clearly reveals that respondent was aware that he was not eligible for the waiver on academic grounds, and obviously concealed his ineligibility from the Board.

Even without this subsequently discovered documentary evidence implicating respondent in the suppression of the actual facts surrounding his ineligibility, there are at least two basic flaws in his unelaborated denial of any wrongdoing. Ordinarily, a presumption of regularity attaches to the acts of all public officials. (See, Fisch, New York Evidence § 1134 [2d ed], and cases cited therein.) Thus, in the absence of proof to the contrary, the Board of Law Examiners must be presumed to have acted honestly and in accordance with law and to have done nothing contrary to official duty in processing respondent's application. (See, Matter of Whitman, 225 NY 1, 9; Matter of Marcellus, 165 NY 70, 77.) In the absence of substantial evidence to the contrary, the presumption carries. (See, People v Harris, 61 NY2d 9, 16; People v Richetti, 302 NY 290, 298.) Since respondent clearly was not entitled to the waiver which was issued, and in the absence of proof that the Law Examiners acted contrary to their oath, we are constrained to infer that they were defrauded, because no other rational explanation exists for the issuance of the waiver.

Additionally, it must be remembered that it was respondent, not the Board of Law Examiners, who instituted the application for a waiver. The mere making of an application presupposes a familiarity with part 526. Respondent was the one who had to read the Rules of the Court of Appeals to learn of the eligibility requirements in order to ascertain whether he qualified and to prepare the application. Consequently, irrespective of whether he misrepresented his academic background in terms of qualifying for the waiver of examination,

---

* Former section 523.6 of the Rules of the Court of Appeals (22 NYCRR) expressly provided that complete credit could not be given for any semester "until passing grades in the failed subjects have been earned". Furthermore, former section 520.1 restricted admission to only those admitted by order of the Appellate Division "upon compliance with these rules." Finally, former part 529 expressly provided that only the Court of Appeals had the power to vary or relax any provision of the rules.

he, at the very least, suppressed the fact that he did not qualify. He knew, as the answers in his application to the Committee on Character and Fitness show, that the course of his law school studies was not interrupted by active service in the Armed Forces and that he had not completed two thirds of the requirements for a law school degree prior to entering military service. In answer to the question whether he had ever been dropped, suspended or expelled from school, respondent admitted that, for reasons of poor scholarship, he was asked in May 1964 to take a one-year leave of absence or submit a written statement demonstrating his "intent to remain and reasons therefor". In apparent explanation of his actions at that time he then noted, gratuitously, that he took a military leave of absence from June 1964 to May 1968. Of course, respondent admitted elsewhere in this same application that he did not enter military service until April 1965. Thus, if respondent did not falsely state facts, then he stated true facts which he knew did not entitle him to exemption from the Bar examination. Therefore, his . denial that he misrepresented does not create a triable issue since he, at the very least, suppressed the fact of his lack of entitlement to the exemption. We could, of course, direct a hearing on the issue, but respondent's general denial cannot, without more, especially in light of the newly discovered documentary evidence, overcome the documentary proof that he was ineligible for admission without first taking the Bar examination and that he withheld that fact.

While, concededly, revoking a license without a hearing 17 years after admission is a drastic step, the conclusion is inescapable that respondent withheld material information as to his lack of qualifications for invocation of the Court of Appeals waiver rule. Nor is it unfair to revoke such an admission even after the lapse of so many years if the requirements of a high moral character and fitness to practice law are to have any meaning for future applicants. Prospective attorneys are held to a high standard of honesty when examined by this court's Committee on Character and Fitness for admission to the Bar. Whatever the importance of any one question or answer or item of information, the overriding consideration is disclosure and truthfulness.

The dissent insists that respondent is entitled to a hearing because of his general denial that he had committed fraud, even in the face of the letters from the Associate Dean of New York University School of Law indicating not only that erro-

neous information had been supplied to the Law Examiners, but also that respondent was aware of the misrepresentations. It is clear from all the papers presented to us that respondent was ineligible for the waiver, as he was well aware, and that the only defense he offers is that he did not affirmatively misrepresent the facts of his claimed entitlement to a waiver of the Bar examination requirement. As noted earlier, even if he did not misrepresent, which denial is belied by the correspondence from his law school, his ineligibility for the waiver looms clear, as does his knowledge and suppression of that fact.

Accordingly, the petition should be granted and respondent's admission to practice revoked and his name stricken from the roll of attorneys and counselors-at-law.

SMITH, J. (dissenting). I dissent because a person who has been admitted to the Bar for 17 years should not have his admission summarily revoked without a hearing and without any communication from the Board of Law Examiners (Board), the body which certified that he was eligible to be admitted. Respondent was admitted to the New York Bar in the First Department on July 7, 1970 without passing a Bar examination and pursuant to former part 526 of the Rules of the Court of Appeals. That rule reads in pertinent part:

"The examination is dispensed with in the case of any applicant entitled to examination under these rules who is a graduate of and has received a first degree in law from an approved law school * * * if it appears * * *

"(3) that after January 1, 1963, and after completing in an approved law school two-thirds of the requirements for graduation and for a first degree in law, his course of law school study was interrupted by active service in the armed forces for not less than twelve months".

Petitioner Departmental Disciplinary Committee (DDC) seeks to revoke respondent's admission to the Bar on the grounds that he misrepresented his eligibility before the Board and that he did not meet the requirements of the above-quoted rule. Specifically, petitioner contends that respondent misrepresented himself by claiming (1) that he had finished two thirds of his course work when he left New York University Law School in May 1964 and entered the service in April 1965 and (2) that he left law school in order to enter the Armed Forces. In reality, petitioner contends, because respondent had failed two courses and obtained unsatisfactory

grades in other courses, he had not completed two thirds of the credits necessary for graduation. In addition, petitioner contends that there was a period of approximately 11 months between respondent's departure from law school and his entrance into the service.

Respondent claims that he did not misrepresent the facts to the Board and that following his honorable discharge from the service and completion of law school requirements, said body approved his application.

The fact that petitioner and respondent dispute what was presented to the Board makes a hearing necessary to determine the facts. The application which respondent made to the Board is not included in the papers submitted here and petitioner tells us that the application is no longer in existence. Petitioner, however, does not give the basis of its knowledge that said application no longer exists.

Moreover, there should be no summary revocation of respondent's admission to the Bar since there is nothing from the Board concerning respondent's application. Information from the Board is essential, particularly in view of the statement by the movant DDC that "[i]t is * * * difficult if not impossible to ascertain whether respondent actually misrepresented to the Board his compliance with the above-cited Rules and his eligibility for admission without examination." It should be noted that 1 of the 3 persons on the Board who certified that respondent was eligible for admission to the Bar is still a member of the Board. He may be able to shed light not only on how the rule quoted above was interpreted (for example, whether respondent's ultimate retaking and passing of his courses satisfied the rule) by the Board but also on the respondent's original application.

Finally, respondent is not a person who is currently practicing law. Because he is confined to prison awaiting trial on murder and related charges, he cannot represent clients. If he is convicted at trial, he will be automatically disbarred pursuant to Judiciary Law § 90 (4).

MURPHY, P. J., SULLIVAN, ROSS and ROSENBERGER, JJ., concur; SMITH, J., dissents in an opinion.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.