OPINION OF THE COURT
William D. Friedmann, J.
The tragic November 1987 death of Lisa Steinberg and the subsequent arrest of "attorney” Joel B. Steinberg in connection therewith has produced numerous "fallout” effects. This fallout is still continuing.
This decision focuses on the claim of a former legal client of Mr. Steinberg to have his judgment of conviction vacated. Defendant Timothy Williams contends that during the time he was represented by Mr. Steinberg (pretrial proceedings and hearings, plea and sentence) that Mr. Steinberg was "severely addicted to cocaine”, "persistently and repeatedly requested cocaine” from defendant, and was not an "attorney at all”.
RELEVANT facts
Defendant was represented by Joel B. Steinberg during *137 pretrial proceedings and hearings in this case. On December 8, 1986 defendant with the assistance of Mr. Steinberg pleaded guilty to the crime of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [class C felony]). He was subsequently sentenced to five years’ probation. (Under the circumstances and in this court’s opinion, a very favorable disposition for defendant.)
In the aftermath of Lisa Steinberg’s death, on November 10, 1987, New York Daily News columnist Jimmy Breslin wrote a feature Getting The Inside Dope On A Lawyer. That article outlined Joel B. Steinberg’s involvement with cocaine, defendant Timothy Williams and this proceeding.
Thereafter, on January 25, 1988, defendant, then incarcerated with respect to another conviction at the Clinton Correctional Facility, Dannemora, New York, filed a pro se motion to vacate his conviction before this court pursuant to CPL 440.10 on the Steinberg involvement grounds. Jimmy Breslin’s article was attached to the motion papers. That application was received by this court on March 3, 1988, and the Department of Correction was ordered to produce the defendant. This court, contemplating possible additional criminal liability on defendant’s behalf, appointed Raymond Kobus, Esq., a well-respected member of the 18-B Panel of the Eleventh Judicial District, to represent the defendant with respect to his motion. (County Law art 18-B.)
After protracted discussion with defendant and the Queens District Attorney’s office, defendant’s appointed counsel withdrew his motion to vacate without prejudice, awaiting the Appellate Division, First Department, ruling as to whether or not Mr. Steinberg was properly admitted to the New York State Bar.
Following the decision of the Appellate Division, First Department, on May 19, 1988 (137 AD2d 110), defendant now renews his motion to vacate, since the Appellate Division ruled that Mr. Steinberg was never properly admitted to the New York State Bar (New York Times, May 20, 1988, at B7, col 3).
THE RELEVANT LAW
The Sixth Amendment of the US Constitution grants the right to assistance of counsel for defendants, in all criminal prosecutions. As early as 1932, in Powell v Alabama (287 US 45 [1932]), the United States Supreme Court held that lack of *138 counsel in State criminal prosecutions might amount to a violation of due process. Over the years our courts have expanded this right, to include not only a guarantee to legal representation, but also an examination as to the quality and effectiveness of that representation (Strickland v Washington, 466 US 668 [1984]).
The courts of New York State have said that "ineffectiveness” of counsel must be viewed within the totality of the circumstances of the trial but that effective representation requires that the attorney take the time to review and prepare both the law and the facts relevant to the defense and be able to employ basic trial skills and procedures. (See, People v Droz, 39 NY2d 456 [1976]; People v Baldi, 54 NY2d 137 [1981].)
It is contended by the defendant that his former attorney, Joel B. Steinberg, neglected to provide meaningful and effective representation in that he persistently requested "cocaine” and United States currency; that he was severely addicted to cocaine during the proceedings before this court; and that he failed to gather and conduct the appropriate factual and legal investigations. The court finds that defendant has not perfected that point and, therefore, this court relies on defendant’s alternative contention.
Aside from Mr. Steinberg’s ineffective legal assistance, there is also the alternative argument that Mr. Steinberg was not properly admitted to practice law in the State of New York. Essentially, it is claimed that Mr. Steinberg has improperly represented himself to defendant to be a properly admitted attorney; that each representation was in direct violation of sections 479 and 481 of the Judiciary Law, which is a class A misdemeanor.
The issue to be determined then by this court is, therefore, whether the defendant, who was charged and convicted in this court of criminal possession of a controlled substance in the fourth degree, was properly accorded his right then to counsel under the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution as he was ineffectively represented then by a person not licensed to practice law pursuant to New York’s CPL 440.10 (1) (b), (h) and 470.05 (1).
With respect to Sixth Amendment considerations, our courts have applied "harmless error” statutes and/or rules which are based on 28 USC § 2111 and the Federal Rules of Criminal Procedure, rule 52 (a). They provide that judgments *139 shall not be reversed for "errors or defects which do not affect the substantial rights of the parties”.
"Harmless error” analysis is delineated in the case of Chapman v California (386 US 18 [1967]). There the United States Supreme Court held (at 24) that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless, beyond a reasonable doubt.” (Also see, Fahy v Connecticut, 375 US 85.)
Similarly, in People v Crimmins (36 NY2d 230 [1975]), the New York Court of Appeals utilized a two-pronged test in deciding whether a motion to vacate a conviction should be granted based on an alleged violation of the defendant’s Sixth Amendment right to counsel. The court there applied the "harmless constitutional error” rule and New York’s CPL 470.40 (2) (b), stating that "[t]he ultimate objective [of this rule], grounded in sound policy considerations, is the wise balancing * * * of the competing interests of the defendant and those of the People.” (See, People v Crimmins, supra, at 241; People v Tucker, 88 Misc 2d 196 [1976].) The Crimmins court in its two-part test requires a court to examine whether the quantum and nature of proof excising the error is so compelling that it would cause a jury to convict, and whether the error has tainted the jury in light of the overwhelming proof.
During the past few years, our courts have taken a firmer stand against persons practicing law without a license. Our courts have confirmed a defendant’s right to effective counsel in a criminal case both under the Federal and State Constitutions. It has been indicated that the dangers of legal representation and advice provided by persons not trained, examined and licensed for such work could result in devastating consequences. (See, People v Washington, 87 Misc 2d 103 [1976]; Jemzura v McCue, 45 AD2d 797 [1974].)
In the landmark case of People v Felder (47 NY2d 287 [1979]), the Court of Appeals reaffirmed the fundamental nature of the Sixth Amendment right to counsel and established precedent for future rulings.
In that case, the court reversed the Appellate Division, Second Department, and granted the defendant’s motion to vacate his conviction holding that a defendant who has been unwittingly represented by a person not licensed to practice law is entitled to have his conviction set aside without regard as to whether he was prejudiced by such representation.
*140 In the Felder analysis, the Court of Appeals set aside the application of the "harmless error” rule, stating that there are some errors that will inevitably deny a criminal defendant his fundamental right to fair trial. Under such circumstances, it determined that it was obliged to reverse the conviction and grant a new trial regardless of whether or not the error had anything to do with or contributed to the defendant’s conviction.
Based on the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution the right to have the assistance of effective and unimpaired counsel in a criminal trial is so basic and so urgently necessary that it would be wrong to allow courts to indulge in calculating the amount of prejudice arising from its denial. (See, Chapman v California, supra; People v Felder, supra; People v Pilgrim, 93 AD2d 461 [1983]; Matter of Maldonado v New York State Bd. of Parole, 102 Misc 2d 880 [1979].)
CONCLUSIONS
This motion presents a graphic illustration of the multifaceted public service role of the communications media. The feature article by Jimmy Breslin (Getting The Inside Dope On A Lawyer, New York Daily News, Nov. 10, 1987) alerted this court and others to a possible flaw in a concluded proceeding and to a possible additional crime which may have taken place in or about its courtroom. Further, the defendant then incarcerated with respect to another criminal conviction was furnished with information by this news article to bring on his pro se application to vacate his judgment of conviction before this court.
In the opinion of our courts, having the opportunity to have effective unimpaired services of legal counsel is a very fundamental necessity. It is essential to any realistic operation of our judicial system.
No evidence of Joel B. Steinberg’s ineffectiveness as an "attorney” due to cocaine dependency and/or his alleged attorney-client cocaine dealings, having been presented to this court, no further consideration of that branch of defendant’s application is possible. At this time, however, defendant’s application is granted upon the alternative grounds urged.
The disbarment of Mr. Steinberg as an attorney with retroactive effect by the Appellate Division, First Department, on May 19, 1988, furnished sufficient grounds to vacate defen *141 dant’s judgment of conviction before this court. In summary, at the time of defendant’s plea and sentence, he was not represented by effective counsel, i.e., an attorney properly licensed to practice law in the State of New York.
Therefore, an order will be entered vacating defendant’s January 1987 conviction.