OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant, indicated for the crime of robbery in the second degree committed on October 20, 1976, pleaded guilty before this court to the lesser offense of robbery in the third degree on April 22, 1977 and was sentenced on May 24, 1977 to an indeterminate term of incarceration not to exceed four years. According to the defendant’s pedigree reflected in the *590 court’s records, he was born on September 9, 1960 and was 16 years old at the time of the incident. The court considered and denied youthful offender treatment for the defendant.
Defendant’s counsel at the plea and sentence was one Joel Steinberg. Eleven years after the judgment herein was entered, Steinberg’s certificate of admission to the Bar of New York State was revoked by the Appellate Division, First Department. (Matter of Steinberg, 137 AD2d 110 [1st Dept 1988].) The grounds for revocation were that a certificate of waiver issued by the State Board of Law Examiners was fraudulently obtained in that Steinberg "withheld material information as to his lack of qualifications” for admission under a rule of court allowing waiver of the Bar examination -for persons whose course of law school study had been interrupted by active service in the Armed Services after completing two thirds of the requirements for graduation (supra, at 115). Steinberg failed to meet the waiver requirement in two respects. He had been asked to leave the law school he attended due to poor academic performance, and before he had completed two thirds of the courses required for graduation. Moreover, the court found that his legal studies were not "interrupted by active service in the Armed Forces”. (Supra, 137 AD2d, at 111-112.) The court concluded that Steinberg "was clearly ineligible for admission without having passed the Bar examination” (supra, at 113). Revocation was deemed necessary "if the requirements for a high moral character and fitness to practice law are to have any meaning” (supra, at 115).
The defendant herein now moves to vacate his 1977 judgment of conviction on the ground that insofar as Joel Stein-berg was never duly qualified to serve as legal counsel, the judgment was obtained in violation of defendant’s Sixth Amendment right "to have the Assistance of counsel for his defence”. (US Const 6th Amend; People v Williams, 140 Misc 2d 136 [Sup Ct, Queens County 1988].)
In People v Felder (47 NY2d 287 [1979]) the Court of Appeals established as a matter of law that "[c]ounsel, as the word is used in the Sixth Amendment can mean nothing less than a licensed attorney at law” (47 NY2d, at 293). Felder had been represented by a layperson masquerading as a lawyer. Noting the fundamental nature of the right to counsel within the adversarial context, the court declined to apply a harmless error analysis or to examine the quality of the nonlawyer’s representation in the particular case (supra, at 295-296). In a *591 footnote, however, the court noted the narrow scope of its holding stating: "our present holding is limited to the circumstances presented, i.e., where a criminal defendant is unknowingly represented by a person who is not, and has never been, admitted to practice in this or any other jurisdiction. We do not * * * determine that representation, either knowing or unknowing, by a person who has been disbarred * * * is necessarily violative of the Federal and State Constitutions.” (Supra, at 294, n 6.)
On this basis, the People argue that Steinberg having once been admitted to the practice of law by the Board of Law Examiners was "counsel” within the constitutional bounds and thus urge the court to distinguish Felder (supra) and to consider whether Steinberg in fact provided the defendant with effective representation.[1] The court notes that there is nothing in the record which would lead to a conclusion of ineffective representation of this defendant by Steinberg under the standards applicable in a plea bargaining context (see, e.g., People v Modica, 64 NY2d 828 [1985]) apart from a finding as a matter of law that Steinberg was not "counsel” within the Sixth Amendment (cf., People v Williams, 140 Misc 2d 136, supra).
There is no doubt about the appeal of the People’s position, given the potentially disruptive effect of extending Felder (supra) to the numerous cases in which Joel Steinberg appeared as counsel over a period of years. The court notes that the layperson whose representation was at issue in Felder appeared before the Bar for 12 years and once served in the capacity of City Attorney. Based upon review of the numerous cases from other jurisdictions which have interpreted the term "counsel” within the Sixth Amendment in similar contexts, this court is constrained to hold that the term does not include one who has procured the privilege of practicing law by fraud upon the licensing authorities in the first instance.
Reviewing the history of the Sixth Amendment, the Court *592 of Appeals in Felder (supra) notes that " '[f]or centuries prior to the enactment of the Sixth Amendment, the English forerunner of the American lawyer was called or invited to practice for a Court only after the Court had satisfied itself that a person was fit to practice by virtue of his character and/or training. On the American side of the ocean, this practice continued throughout the colonial, revolutionary and post-revolutionary era of our history. Although standards for admission were not all uniform and were not always very stringent, the tradition of admission upon qualification continued to exist from even the earliest times of the American legal experience’ ” (47 NY2d, at 294, quoting from Turner v American Bar Assn., 407 F Supp 451, 474 [emphasis added]).
In keeping with these principles, courts distinguish between cases in which the defendant is represented by one who has been duly admitted to the Bar, but thereafter suspended or disbarred, and cases in which the defendant’s representative was never qualified to the practice of law. As stated by one Federal Court of Appeals: "[W]e do not intimate that any technical defect in the licensed status of a defendant’s representative would amount to a violation of the Sixth Amendment. * * * [W]here, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character [there has been a denial of the right to 'Counsel’]”. (Solina v United States, 709 F2d 160, 167 [2d Cir 1983].)
Thus, for example, graduation from an accredited law school without subsequent Bar examination and accreditation does not constitute "counsel” within the Sixth Amendment. (Solina v United States, supra; Huckelbury v State, 337 So 2d 400 [Fla App 1976].) In such cases, there is simply not the necessary assurance that the defendant has received educated representation by one whose qualifications are a matter of record according to established standards, as to constitute effective representation of counsel.
In other cases, such as administrative suspension or censure for failure to comply with rules having no bearing upon the qualification, competence or moral character of the defendant’s representative, the absence of licensure in good order has been held not to amount to deprivation of representation by "counsel”. Examples include a lawyer’s suspension for failure to remit dues (Commonwealth v Thomas, 399 Mass *593 165, 503 NE2d 456 [1987]; Johnson v State, 225 Kan 458, 590 P2d 1082, 1087 [1979]; People v Brewer, 88 Mich App 756, 279 NW2d 307 [1979]; Dolan v State, 469 So 2d 142, 143 [Fla App 1985]; Hill v State, 393 SW2d 901 [Tex Crim App 1965]) or to file malpractice insurance forms (State v Williams, 122 Ariz 146, 593 P2d 896 [1979]); the failure of a lawyer duly admitted in another jurisdiction to obtain admission pro hac vice in the forum jurisdiction (People v Cornwall, 3 Ill App 3d 943, 277 NE2d 766 [1971]; United States v Bradford, 238 F2d 395 [2d Cir 1956]); or to take the required oath (Wilson v People, 652 P2d 595, 597 [Colo 1982]). In these cases, the defect in licensure has no bearing on the attorney’s apparent ability to represent a criminal defendant. (Dolan v State, supra, at 143.) In order to cure such defects, the "attorney does not have to again show his fitness or qualifications to practice law. He does not have to be re-admitted to the practice. His competency as an attorney has not been diminished”. (Hill v State, supra, at 904.)
In Joel Steinberg’s case, the defect in the licensing process was neither technical nor temporary. The fraudulently obtained waiver permitted Steinberg to avoid examination on his qualification to practice law according to minimum standards of competence. The manner in which the waiver was obtained is indicative of lack of "moral character and fitness to practice law”. (Matter of Steinberg, supra, 137 AD2d, at 115.)
The People argue nonetheless that a per se rule of denial of effective assistance of counsel should not apply in this case since Steinberg was admitted to the practice of law by the Board of Law Examiners. Consequently, the People argue that his case is analogous to the disbarment of a properly licensed lawyer subsequent to the representation at issue, rather than to the unlicensed practice of law by a layperson. In the former case, "the infliction of discipline upon an attorney previously qualified and in good standing will not and should not transform his services into ineffective assistance”. (United States v Mouzin, 785 F2d 682, 697 [9th Cir 1986]; cf., e.g., United States v Grismore, 546 F2d 844, 847 [10th Cir 1976] [after disbarment, former lawyer cannot provide "counsel” within constitutional standards].) This rule rests on the presumption of regularity in the licensing process. The court in Mouzin reasoned that: "Admission to the bar allows us to assume that counsel has the training, knowledge, and ability to represent a client who has chosen him. Continued licensure normally *594 gives a reliable signal to the public that the licensee is what he purports to be — an attorney qualified to advise and represent a client” (supra, 785 F2d, at 698).
The presumption of regularity and the assurance that licensure normally carries is simply inapplicable where, as here, the license was obtained by fraud in such manner that the licensee’s ability and training to practice law were never examined.
Therefore, the court concludes that in light of the revocation of Joel Steinberg’s license to practice law based upon his having fraudulently procured the privilege to practice, this defendant was not represented by "counsel” within the meaning of the Sixth Amendment when the judgment herein was entered. (See, People v Williams, 140 Misc 2d 136, supra.) In the absence of any indication that the defendant knowingly and intelligently waived that right, the judgment must be vacated, the plea set aside and the indictment reinstated (see, e.g., People v Mitchell, 61 NY2d 580 [1984]; Johnson v Zerbst, 304 US 458, 468 [1938]; Solina v United States, supra, 709 F2d, at 168-169).[2]
The indictment is, nonetheless, dismissed. At the time of the commission of the offense, no person less than 16 years old was criminally responsible for any conduct. (Penal Law § 30.00 [former (1)], as added by L 1965, ch 1030; cf., Penal Law § [2], as added by L 1978, ch 481, § 28, eff Sept. 1, 1978.) Jurisdiction over persons less than 16 years of age was vested exclusively in the Family Court. (Family Ct Act § 712 [former (a)]; former § 713, § 714 [former (a)]; see, e.g., Matter of Kalvin, 99 Misc 2d *595 996 [Fam Ct, Onondaga County 1979].) Defendant has submitted a duly authenticated birth certificate which indicates that he was born in the City of Shanghai, China, on October 28, 1960; rather than on September 9, 1960 as appears in the court’s records. The source of confusion lies in the difference between the Chinese lunar calendar, under which his birth date falls on the ninth day of the ninth month, and the Roman calendar. The People do not dispute the authenticity of this document (cf., e.g., People v Eric T., 89 Misc 2d 678 [Crim Ct, NY County 1977]). Presentation of a valid birth certificate is competent proof of age. (People v Eric T., supra, at 680; People v Adomaitis, 201 Misc 707, 708 [Sup Ct, Orange County 1952]; People v Brown, 66 AD2d 223, 225 [3d Dept 1979].) The question whether a person is within the age prescribed for the court’s jurisdiction is exclusively within the province of the court to determine. (People v Eric T., supra, at 679; People v Brown, 278 App Div 576 [2d Dept 1951].) The court finds that the defendant was, at the time of the occurrence for which he was indicted, less than 16 years of age and, therefore, not subject to this court’s jurisdiction. The court will treat the second aspect of defendant’s motion as a motion to dismiss the indictment on the basis of a jurisdictional impediment to conviction (CPL 210.20 [1] [h]; compare, People v Alouisa, 120 Misc 2d 968, 970 [Suffolk County Ct 1983]). The defendant’s motion to dismiss on this basis, is granted.

. The court does not find the failure to assert a defense of infancy (Penal Law § 30.00 [2]) to the ineffective representation upon the facts of this case, since there is no evidence that at the time the plea was entered anyone, including Steinberg or even the defendant himself, knew the defendant’s actual date of birth. Since there was nothing available to Steinberg which would have alerted any reasonably competent lawyer that defendant was under the age of responsibility as of the date of the crime, failure to assert a defense of infancy cannot be said to have been ineffective representation by counsel (cf., e.g., People v Jenkins, 68 NY2d 896 [1986]; People v Harris, 81 AD2d 839 [2d Dept 1981]).

. Whether the judgment should be vacated, as well, on the alternate ground that the court was without jurisdiction over the person of the defendant due to his infancy, need not be determined in light of this disposition. (CPL 440.10 [1] [a].) It should be noted that the issue is not without doubt. On one hand, one of the earliest uses of the writ of error coram nobis was "to bring the fact of infancy, if previously undisclosed, to the attention of the court which had rendered the judgment”. (People ex rel. Harrison v Jackson, 298 NY 219, 228 [1948] [concurring opn per Fuld, J.].) On the other hand, the writ traditionally could not be used to challenge for error the determination of a matter of fact or law upon which the court’s jurisdiction is made to depend. (Matter of Hogan v Court of Gen. Sessions, 296 NY 1, 8 [1946].) Where, as in this case, the defendant’s age was necessarily adjudicated incident to his application for and the court’s denial of youthful offender treatment, that jurisdiction may not be subject to collateral attack. (People ex rel. Harrison v Jackson, supra, 298 NY, at 224 [majority opn]; People v Jones, 38 NYS2d 207, 211-212 [Ct Gen Sess, NY County 1942]; cf., People v Adomaitis, 210 Misc 707 [Sup Ct, Orange County 1952].)